BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE: PROTON-PUMP INHIBITOR         MDL Docket No. 2757
LITIGATION

_____/

**INTERESTED PARTY RESPONSE IN SUPPORT OF PLAINTIFFFS MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PROCEEDINGS**

COME NOW the Plaintiffs, pursuant to 28 U.S.C. § 1407 and Rules 6.1(c) and 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, and respectfully submit this Interested Party Response in support of the Plaintiffs Motion for Transfer [Doc. 1] seeking an Order transferring and consolidating the cases currently filed and any subsequently filed involving similar facts or claims.[1]  For the reasons stated below, Plaintiffs agree that consolidation is proper and further assert that transfer to the United States District Court for the Western District of Louisiana or to the United States District Court for the Middle District of Louisiana would best promote the just and efficient resolution of the Related Actions.

**I.      INTRODUCTION**

1.      On October 17, 2016, a motion for coordination and transfer related to Proton-Pump Inhibitor products liability cases was filed before the Panel.  Aylstock, Witkin, Kreis & Overholtz is counsel of record for Interested Party Plaintiffs in the following pending matters: Denise Crandell in *Crandell v. Astrazeneca Pharmaceuticals LP, et al.*, USDC, Western District of Louisiana, Case. No. 6:16-cv-01460, before United States District Judge Rebecca F. Doherty, filed on October 19, 2016, and Richard Witty Smith in *Smith v. Astrazeneca Pharmaceuticals LP,*

---

[1] This Response is made to the October 17, 2016 Motion for Transfer of Actions to the Middle District of Louisiana Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings filed by Weitz & Luxenberg, PC (hereafter "Motion").

*et al.*, USDC, Middle District of Louisiana, Case. No. 3:16-cv-00696-JWD-RLB, filed on October 18, 2016 and pending before United States District Judge John W. deGravelles, as well as for other individuals with similar claims, whose cases are not yet filed but are expected to be filed in the near future.

2. The Related Actions proposed for consolidation are actions involving identical questions of law and fact that arise from the same course of conduct. For the reasons more fully set forth in Plaintiffs' initial motion and brief filed on October 27, 2014 [Documents 1 and 1-1], Interested Party Plaintiffs agree that these Related Actions meet all of the recognized criteria for transfer and consolidation in an MDL; therefore, these cases should be transferred to one district for coordinated management and these Plaintiffs join in the request that the cases be transferred and consolidated in the Western District of Louisiana or the Middle District of Louisiana.

## II. TRANSFER AND CONSOLIDATION OR COORDINATION IS APPROPRIATE UNDER 28 U.S.C. § 1407

3. Plaintiffs *Crandell* and *Smith* concur and join with the arguments presented by Weitz & Luxenberg PC's Motion regarding the propriety of MDL coordination and consolidation.

4. Pursuant to 28 U.S.C. § 1407, the Panel must consider whether: (1) one or more common questions of fact are pending in different districts; (2) a transfer would serve the convenience of parties and witnesses; and (3) a transfer would promote the just and efficient conduct of the actions. See 28 U.S.C. § 1407(a). The present cases satisfy all conditions for transfer.

5. As outlined more fully in Plaintiff's Motion to Transfer, transfer and coordination is appropriate and consolidation is necessary because all of the lawsuits involve identical questions of law and fact that arise from the same course of conduct. At present, at least 17 actions have

been filed in 12 different United States District Courts[2] arising out of physical injuries and damages caused by using Proton-Pump Inhibitors ("PPIs"). All of the actions make the common allegation that PPIs are and were not safe and effective medications. All of the claims seek damages based on allegations arising out of the same misconduct; i.e., allegations of the Defendants' intentional, reckless, and/or negligent conduct related to the design, testing, manufacturing, advertising, promoting, labeling, selling and/or distribution of Proton-Pump Inhibitors ("PPIs"). In addition, all of the actions are premised on almost identical factual allegations arising from the same class of defective and unreasonably dangerous drugs. Each of these actions will involve the resolution of the same or similar questions of fact and law, as they all arise from the same or similar alleged wrongful conduct as it relates to whether (1) PPIs were defective, (2) Defendants conducted adequate testing of PPIs, (3) Defendants breached their duties of care to Plaintiffs, (4) Defendants had knowledge regarding the existence of the defects alleged, (5) Defendants failed to warn about the risks of the PPIs, (6) Defendants breached any warranty, express or implied, related to their sale of PPIs, and (7) PPIs are capable of causing and/or did cause the injuries of Plaintiffs.

6. The transfer of actions to a single forum under § 1407 is appropriate where it will prevent duplication of discovery and eliminate the possibility of overlapping or inconsistent pleading determinations by courts of coordinate jurisdiction. *In re: Litig. Arising from Termination of Retirement plan for Employees of Fireman's Fund Ins. Co.*, 422 F. Supp. 287, 290 (J.P.M.L. 1976); *In re: LTV Corp. Sec. Litig.*, 470 F. Supp. 859, 862 (J.P.M.L. 1979). All plaintiffs will be seeking the same discovery from common defendants, and defendants will likely raise the

---

[2] Please see attached Ex. A – MDL Case Report of Related Actions.

same discovery objections, seek the same protective orders, assert the same privileges, and will likely request to depose the same parties.[3]

7. In light of myriad common questions of fact, the transfer of these Related Actions to a single forum under § 1407 is appropriate. It will promote the efficient prosecution, defense, and resolution of the Related Actions; promote the convenience of the parties and efficiency during pretrial proceedings; prevent duplication of discovery; and eliminate the possibility of overlapping or inconsistent pleading determinations by courts of coordinate jurisdictions.

### III. THE WESTERN DISTRICT OF LOUISIANA IS THE MOST APPROPRIATE TRANSFEREE COURT FOR CONSOLIDATION

#### A. The Western District is Conducive to the Swift and Efficient Litigation of this Matter.

8. The Western District of Louisiana is among the most efficient of all U.S. District Courts, moving cases to trial and final disposition faster than most other Districts; and Judge Rebecca F. Doherty, in particular, has the experience, capacity, and resources to efficiently and effectively manage this multidistrict litigation. Judge Rebecca Doherty is an excellent jurist with over twenty years on the bench and the requisite experience and expertise to preside over this litigation.[4]

---

[3] Plaintiffs *Smith and Crandell* agree with and incorporate arguments presented in the Motion for Transfer and Brief [Documents 1 and 1-1] in support of consolidation and centralization and thus, in the interest of the Panel's time and judicial economy, will focus this Response on the issue of which federal district and judge is best suited to handle the transferred matters.

[4] In a 2008 *Tulane Law Review* article entitled, A View from the Panel: Part of the Solution, 82 TUL. L. REV. 2225, 2240, Judicial Panel on Multidistrict Litigation Chief Judge John G. Heyburn, II emphasized the importance of the transferee judge. Specifically, he stated, "[t]he willingness and motivation of a particular judge to handle an MDL docket are ultimately the true keys to whether centralization will benefit the parties and the judicial system." Id.

9. Judge Doherty already is overseeing three of the 17 actions filed in the PPI Litigation. See *Miller v. AstraZeneca Pharmaceuticals LP, et al.,* W.D. Louisiana, C.A. No. 6:16-cv-01455, *Tagi Modicue v. AstraZeneca Pharmaceuticals LP, et al.,* W.D. Louisiana, C.A. No. 6:16-cv-01444, and *Crandell v. AstraZeneca Pharmaceuticals LP, et al.,* W.D. Louisiana, C.A. No. 6:16-cv-01460.

10. While there is no doubt that many of the Judges in the federal judiciary are fully capable of coordinating and managing a successful MDL, undoubtedly this MDL would benefit from a District and a judge with prior MDL experience.

11. Judge Rebecca Doherty successfully managed one of the biggest MDLs in the country as her first MDL, which culminated in the successful resolution of over 10,000 cases. Adding to the magnitude of the task before the Court, the Actos litigation (MDL No. 2299) included additional complexities, such as the involvement of foreign defendants and coordination with multiple state court jurisdictions in Illinois and California. Judge Doherty demonstrated a tremendous ability to coordinate with state court judges in a cooperative and helpful manner. Additionally, Judge Doherty implemented many unique and innovative strategies for MDL management that worked to move the case towards swift resolution within three years of the first status conference, including cutting edge forms of electronic discovery, such as predictive coding. Also as part of the Actos litigation, Judge Doherty presided over one of the longest and particularly complex MDL bellwether trials in recent memory, at nearly three months, which was successfully tried to verdict. The entire staff for the United States District Court for the Western District of Louisiana proved instrumental in administering the Actos MDL and that experience would again prove invaluable in this context. Additionally, Lafayette proved to be an

5

overwhelmingly hospitable and welcoming MDL venue, providing among the best dining in America combined wonderful accommodations.

12. According to the most recent Federal Court Management Statistics, the Western District of Louisiana successfully manages its dockets in the most significant measures of docket conditions,[5] the median time from filing to disposition in civil cases.[6] According to the same source, the median time from filing to disposition for the district currently stands at 20.3 months. The Western District of Louisiana's median time from filing to trial in civil cases is less than three (3) years. Another "especially useful basis for comparing the various court dockets" is the percentage of cases over three years old. D. Herr, *Multidistrict Litigation Manual: Practice Before the Judicial Panel on Multidistrict Litigation*, § 6:17 at 210-11 (2009). Here again, the Western District of Louisiana is one of the most efficient districts with only about a third of its cases pending for three years or more.[7]

13. Finally, establishing the MDL in an efficient District Court is of paramount importance, particularly due to the urgent public policy concerns that are at issue in the related actions. The Panel has explicitly stated that if a particular court has no MDL cases, then that is a clear factor weighing in favor of transfer to that under-used district.[8] Importantly, there exists only

---

[5] The significance of this statistic is well established. *See In re Nat'l Student Mktg. Litig.*, 368 F. Supp. 1311, 1318 (J.P.M.L. 1972) (noting the importance of median time to disposition when comparing districts).
[6] See Ex. B, Federal Court Management Statistics for Western District of Louisiana, June 2016.
[7] See http://www.uscourts.gov/statistics-reports/federal-court-management-statistics-june-2016. Federal Court Management Statistics for Western District of Louisiana, June 2016.
[8] *E.g., In re Pilgrim's Pride Fair Labor Standards Lit.*, 489 F. Supp. 2d 1381 (J.P.M.L. 2007); *In re Teflon Prods Liability Lit.*, 416 F. Supp. 2d 1364 (J.P.M.L. 2006); *In re FedEx Ground Package System, Inc., Employment Practices Lit. (No. II)*, 381 F. Supp. 2d 1380, 1382 (J.P.M.L. 2005); *In re Wireless Telephone Federal Cost Recovery Fees Lit.*, 293 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003); *In re Pressure Sensitive Labelstock Antitrust Lit.*, 290 F. Supp. 2d 1374, 1376 (J.P.M.L. 2003).

one multidistrict litigation currently pending before the Western District of Louisiana, and that is the Actos MDL that is in the final stages of settlement disposition.[9] The Western District of Louisiana has already proven that they have the resources available to handle this litigation.

### B. The Western District of Louisiana Is Convenient for All Parties and Witnesses

14. The Lafayette courthouse of the Western District of Louisiana is easily accessible and conveniently located in downtown Lafayette. The Lafayette Regional Airport is accessible via several major hubs. As evidenced throughout the Actos Litigation, Lafayette facilitates easy and affordable travel and lodging for large numbers.

15. Given the large number of anticipated PPI filings and the various Defendants involved, there will be no clear geographical nexus to the litigation with respect to experts, witnesses and relevant documents. As stated in the Transfer Motion, when there is geographic dispersal of actions, the Panel has taken geographic centrality and ease of access into consideration as weighing in favor of a particular transferee forum.[10] Louisiana provides that geographic centrality without the crowded dockets and crowded travel logistics of other centrally located districts.

### IV. THE MIDDLE DISTRICT OF LOUISIANA ALSO IS AN APPROPRIATE TRANSFEREE COURT FOR CONSOLIDATION

16. Respondents here agree with the plaintiffs in the original Motion for Transfer and Supporting Brief [Documents 1 and 1-1] that all of the judges in the Middle District of Louisiana have the skill and expertise to oversee the PPI MDL.[11]

---

[9] See http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-October-17-2016.pdf.

[10] See Brief in Support of Plaintiffs' Motion to Transfer [Document 1-1 at III.A.2.b. at page 12].
[11] See Brief in Support of Plaintiffs' Motion to Transfer [Document 1-1 at III.A.1].

17. Again, establishing the MDL in an efficient District Court is of paramount importance due to the urgent public policy concerns that are at issue in the Related Actions. The Panel has explicitly stated that if a particular court has no MDL cases, then that is a clear factor weighing in favor of transfer to that under-used district.[12] Importantly, there are no multidistrict litigations currently pending before the Middle District of Louisiana.[13]

18. In further support of transfer to the Middle District of Louisiana, Respondents refer to the support outlined in the Original Motion and Supporting Brief.[14]

19. The Middle District of Louisiana is convenient for all parties and witnesses and would be an excellent choice for this MDL. Any of its judges would provide the fair and experienced leadership needed to guide this complex litigation. Each of the major factors, docket, experience, and convenience, would be well satisfied.

V. **CONCLUSION**

20. For the reasons emphasized above and all of the reasons presented in the Original Motion for Transfer and Supporting Brief, the Interested Party, Plaintiffs respectfully submit that the Western or Middle Districts of Louisiana are the most appropriate transferee courts pursuant to 28 U.S.C. § 1407. Thus, Neil D. Overholtz, counsel for Interested Party Plaintiffs, respectfully requests that this Panel transfer the pending Related Actions and all subsequently filed tag along

---

[12] *E.g., In re Pilgrim's Pride Fair Labor Standards Lit.*, 489 F. Supp. 2d 1381 (J.P.M.L. 2007); *In re Teflon Prods Liability Lit.*, 416 F. Supp. 2d 1364 (J.P.M.L. 2006); *In re FedEx Ground Package System, Inc., Employment Practices Lit. (No. II)*, 381 F. Supp. 2d 1380, 1382 (J.P.M.L. 2005); *In re Wireless Telephone Federal Cost Recovery Fees Lit.*, 293 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003); *In re Pressure Sensitive Labelstock Antitrust Lit.*, 290 F. Supp. 2d 1374, 1376 (J.P.M.L. 2003).

[13] See http://www.uscourts.gov/statistics-reports/federal-court-management-statistics-june-2016. Federal Court Management Statistics for Middle District of Louisiana, June 2016.

[14] See Brief in Support of Plaintiffs' Motion to Transfer [Document 1-1 at III.A.2.a and b].

cases to the Western or Middle Districts of Louisiana, for consolidated or coordinated pretrial proceeding.

DATE: October 21, 2016

/s/ Neil D. Overholtz
Neil D. Overholtz (FBN 188761)
Nathan C. Bess (FBN 0051945)
E. Samuel Geisler (FBN 0083817)
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 E. Main Street.
Suite 200
Pensacola, Florida 32502
Tel: 850-202-1010
Fax: 850-916-7449