BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE: PROTON-PUMP INHIBITOR                                    MDL No. 2757
PRODUCTS LIABILITY LITIGATION

**MOTION TO EXTEND TIME TO FILE RESPONSE
TO INITIAL MOTION TO TRANSFER AND CONSOLIDATE
OF THE PROCTER & GAMBLE COMPANY AND THE PROCTER
& GAMBLE MANUFACTURING COMPANY**

**I.      MOTION**

The Procter & Gamble Company and The Procter & Gamble Manufacturing Company move the Panel to extend their deadline for responding to Plaintiffs' initial motion to transfer and consolidate. *See* R.P.J.P.M.L. 6.3(b). This motion is timely. The Procter & Gamble Company and The Procter & Gamble Manufacturing Company seek to extend their current response deadline from November 8, 2016 to November 22, 2016.

**II.     ARGUMENT IN SUPPORT OF MOTION TO EXTEND**

   *i.     Introduction*

The Procter & Gamble Company and The Procter & Gamble Manufacturing Company are only Defendants in approximately 25% of the actions that have been reported to this record. The Procter & Gamble Company and The Procter & Gamble Manufacturing Company seek an extension in their time to respond to the initial motion because their absence from so many of the related actions signifies that they require additional time to carefully study whether centralizing The Procter & Gamble Company and The Procter & Gamble Manufacturing Company under § 1407 would serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation based on common questions of fact. ***Alien Children***, *infra*, indicates that in this instance, centralizing The Procter & Gamble Company and The Procter & Gamble

Manufacturing Company under § 1407 would not serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

The Procter & Gamble Company and The Procter & Gamble Manufacturing Company certify that they have consulted counsel for movers, Mr. Pennock, and counsel for Defendants, Pfizer, Takeda and AstraZeneca, and no party has raised an objection to the present motion.

*ii*.     *Complication Material to Concrete Response*

This docket concerns multidistrict product liability litigation. The litigation concerns heartburn drugs categorized as proton-pump inhibitors.

Currently, the deadline for The Procter & Gamble Company and The Procter & Gamble Manufacturing Company to respond to the initial motion is November 8, 2016. *See* Rec. Doc. 4. The Procter & Gamble Company and The Procter & Gamble Manufacturing Company seek a new deadline to respond, as stated before, of November 22, 2016.  Notably, The Procter & Gamble Company and The Procter & Gamble Manufacturing Company have only recently received Plaintiff's Motion to Transfer and Consolidate.

The Procter & Gamble Manufacturing Company sells Prilosec OTC.  Prilosec OTC "tablets are indicated for the treatment of frequent heartburn, which is heartburn that occurs two or more days a week." http://www.prilosecotc.com/en-us. "The label for Prilosec OTC gives specific information for appropriate use to treat frequent heartburn." *See id*.

There are good grounds for extending The Procter & Gamble Company's and The Procter & Gamble Manufacturing Company's current response deadline.

First, in accordance with Panel Rule 6.3(b), this motion specifically sets forth the extended date sought by The Procter & Gamble Company and The Procter & Gamble Manufacturing Company, which is November 22, 2016.

Second, as stated before, The Procter & Gamble Company and The Procter & Gamble Manufacturing Company have consulted counsel for movers and counsel for Defendants and confirmed that there is no objection to the present request.

Third, in accordance with Rule 6.3(b), this motion has been filed before the expiration of the deadline for these Defendants to respond to the initial motion.

According to a leading authority, federal courts will normally grant a motion for extension having these attributes.[1]

Fourth, as the motion to transfer essentially acknowledges,[2] The Procter & Gamble Company and The Procter & Gamble Manufacturing Company are not first-tier Defendants. To the contrary, The Procter & Gamble Company and The Procter & Gamble Manufacturing Company are only named as Defendants in few of the related actions. This difference is material to current deadline for responding to the initial motion.

Under the case law of the Panel, The Procter & Gamble Company and The Procter & Gamble Manufacturing Company have a *de facto* if not a *de jure* duty to determine whether minimal questions of fact are shared by the actions that involve them and those that do not and whether, relative to The Procter & Gamble Company and The Procter & Gamble Manufacturing Company, discovery in the various actions will be unique. *See In re Alien Children Educ. Litig*., 482 F. Supp. 326, 328-29 (J.P.M.L. 1979).

---

[1] *Cf*. 6 Moore's Federal Practice, § 6.06[2] (Matthew Bender 2016) ("When a party requests an extension before the time period has expired, the district court usually will be liberal in granting the request.") (footnote omitted); 28 U.S.C. § 1407(f) (Lexis 2016) ("The panel may prescribe rules for the conduct of its business not inconsistent with . . . the Federal Rules of Civil Procedure.").

[2] *See* Rec. Doc. 1, p. 2, ¶ 5 (referring to "Defendants AstraZeneca Pharmaceuticals LP, Takeda Pharmaceuticals USA, Inc. and Pfizer, Inc. **and related entities and/or manufacturers** ("Defendants") . . .") (emphasis added).

3

For instance, the absence of the Procter & Gamble Company and The Procter & Gamble Manufacturing Company from 75% of the related actions implies a dearth of common fact questions, as was true of the school district defendants in *Alien Children*. *See id*., at 328 ("We also conclude . . . that the claims in each action against the school district defendants involve only minimal, if any, common questions of fact, and that inclusion of those claims in the coordinated or consolidated pretrial proceedings herein ordered would not accomplish the goals of Section 1407.").

The Procter & Gamble Company and The Procter & Gamble Manufacturing Company seek more time to respond to the initial motion to flesh out the reasons for concluding that relative to The Procter & Gamble Company and The Procter & Gamble Manufacturing Company, common fact questions are too few to justify consolidation. *Id*.

Similarly, The Procter & Gamble Company and The Procter & Gamble Manufacturing Company need more time to respond to the initial motion in order to demonstrate why discovery "in all likelihood will be unique" insofar as The Procter & Gamble Company and The Procter & Gamble Manufacturing Company are concerned, owing to the OTC quality of their product and the implications of over-the-counter usage. *See id*., at 329 ("we are persuaded . . . that discovery in each action concerning the school district defendants in all likelihood will be unique because (1) the individual school districts have different exclusionary policies; (2) the characteristics of plaintiffs are different; and (3) the population size affected by the exclusionary policies are different. Thus the efficient conduct of pretrial proceedings concerning these claims would not be enhanced by Section 1407 transfer of the claims.") (footnote omitted).

The Procter & Gamble Company and The Procter & Gamble Manufacturing Company pray accordingly for an order of extension.

Respectfully submitted this 4th day of November, 2016.

/s/ *Erin Casey Hangartner*
Erin Casey Hangartner (LA Bar No. 24768)
HANGARTNER RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras Street, Suite 310
New Orleans, LA 70139
Telephone:  (504) 522-5690
Facsimile:   (504) 522-5689
Email:  ehangartner@hanrylaw.com

*Attorneys for*
*The Procter & Gamble Company and*
*The Procter & Gamble Manufacturing Company*

### PROOF OF SERVICE

I hereby certify, pursuant to R.P.J.P.M.L. 4.1, that on November 4, 2016, which date is after the parties herein appeared through counsel, I electronically filed the foregoing Motion for Extension with the Clerk of the Panel by using the CM/ECF system, which will send a notice of electronic filing to all parties through CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to non-CM/ECF participants.

/s/ Erin Casey Hangartner
Erin Casey Hangartner