**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: PROTON-PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION | MDL Docket No. 2757 |

**PLAINTIFFS STEVEN GOODSTEIN AND LAKEISHA SPRATT'S RESPONSE IN PARTIAL OPPOSITION TO MOVANT'S MOTION TO TRANSFER**

Christopher A. Seeger
Jeffrey Grand
SEEGER WEISS LLP
77 Water Street
New York, New York 10005
Tel: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com
jgrand@seegerweiss.com
*Attorneys for Plaintiffs Steven Goodstein and Lakeisha Spratt*

**INTRODUCTION**

Plaintiffs Steven Goodstein and Lekeisha Spratt respectfully submit this memorandum in partial opposition to Movant's motion for consolidation and coordination of pretrial proceedings of the Proton-Pump Inhibitor ("PPI") cases in the Middle District of Louisiana. While Plaintiffs support centralization of the multiple PPI cases that have been filed throughout this country, we believe the District of New Jersey is a preferable venue to the Middle District of Louisiana. Simply put, the District of New Jersey has hosted numerous MDLs, is experienced in pharmaceutical litigation, and is more geographically convenient to all parties.

**I.     TRANSFER AND CONSOLIDATION OF PPI ACTIONS IS NECESSARY**

Plaintiffs agree with Movants that the fifteen PPI actions currently pending all involve the same or similar kidney injuries and ailments and all involve one or more common questions of fact. Having the cases scattered across the country, from coast to coast – as they are now – makes little sense. There is little doubt that coordination of these case would benefit all parties to prevent inconsistent pretrial rulings, especially with respect to the proper scope and extent of discovery and issues of causation.

**II.    VENUE**

    **A.     Consolidation in the District of New Jersey, In Front of Judge Claire C. Cecchi, Is Ideal for All Parties.**

In accordance with 28 U.S.C. § 1407, Plaintiffs ask the Panel to centralize these actions in the District Court of New Jersey (Newark Div.), where their cases have already been filed. Judges in the District of New Jersey have substantial experience presiding over complex litigation. This is a pivotal factor in the Panel's transfer analysis. *See, e.g., In re Janus Mutual Funds Inv. Litig.*, 310 F. Supp. 2d 1359, 1361 (J.P.M.L. 2004) ("we have searched for a transferee district with the capacity and experience to steer this litigation on a prudent course."). The Panel has repeatedly

recognized that the District of New Jersey has sufficient resources to handle complex cases and is geographically convenient. *In re Zimmer Durom Hip Cup Products Liab. Litig.*, 717 F. Supp. 2d 1376, 1378 (J.P.M.L. 2010); *In re Tropicana Orange Juice Marketing and Sales Practices Litig.*, 867 F. Supp. 2d 1341 (J.P.M.L. 2012); *In re Vytorin/Zetia Marketing, Sales Practice and Products Liab. Litig.*, 543 F. Supp. 2d 1378 (J.P.M.L. 2008); *In re Insurance Brokerage Antitrust Litig.*, 360 F. Supp. 2d 1371, 1373 (J.P.M.L. 2005); *In re Hypodermic Products Antitrust Litig.*, 408 F. Supp. 2d 1356, 1357 (J.P.M.L. 2005).

Importantly, Judge Claire C. Cecchi, who presides over Plaintiffs' cases, has served for ten years as a federal judge, first as a magistrate judge beginning in 2006 and later as an Article III judge beginning in 2011. Notably, Judge Cecchi has presided over numerous complex cases, including one MDL: *In re Insurance Brokerage Antitrust Litigation*, MDL No. 1663, No. 2:04-cv-5184 (D. N.J. 2004). This MDL involved multiple defendants (more than 50 defendant insurance groups), which is important in that the PPI litigation also implicates several defendants.

Judge Cecchi is one of only a few judges designated to hear patent cases. Her significant experience in pharmaceutical patent litigation has exposed her to the types of medical and scientific issues typical of pharmaceutical litigation. For example, in *Teva Neuroscience, Inc. v. Watson Labs., Inc.,* No. 2:10-CV-05078, 2013 WL 1595585 (D.N.J. Apr. 12, 2013), Judge Cecchi analyzed the complex chemical mechanism of action for patents involving a method of treating Parkinson's disease. And in *Altana Pharma AG v. Teva Pharm. USA, Inc*., No. CIV.A 04-2355, 2009 WL 5818836 (D.N.J. Dec. 1, 2009), *aff'd,* No. CIV.A 04-2355, 2010 WL 451168 (D.N.J. Feb. 5, 2010), Judge Cecchi considered (and reconsidered) a complex discovery dispute regarding pharmaceutical expert reports.

Plaintiffs are confident that Judge Cecchi has the requisite experience to handle a complex, multidistrict pharmaceutical litigation and will promote the goal of a "just resolution" of this MDL "as speedily, inexpensively, and fairly as possible."

Additionally, the District of New Jersey has the proven resources to host a multidistrict litigation and is not overburdened with MDLs. Movant's statement regarding the number of MDL's pending in the District of New Jersey is incomplete. *See* Doc. No. 1-1, at 10, n. 15 (stating seven MDLs are pending in the District of New Jersey).  While technically accurate, this is misleading because unlike many other districts, the District of New Jersey has three courthouses -- in Newark, Trenton, and Camden -- locally referred to as vicinages. Each vicinage serves largely as a district unto itself, handling their own dockets separately. Of the MDLs centralized in the District of New Jersey, only two are centralized *in the Newark* vicinage. *In re Tropicana Orange Juice Marketing and Sales Practices Litig.,* 867 F. Supp. 2d 1341 (J.P.M.L. 2012) and *In re Zimmer Durom Hip Cup Products Liab. Litig*., 717 F. Supp. 2d 1376, 1378 (J.P.M.L. 2010).  But *In re Zimmer Durom Hip Cup Prods. Liab. Litig.* is largely winding down in settlement, thus requiring far fewer judicial resources.   Thus, because the Panel places an emphasis on the number of multidistrict litigation cases pending in a transferor court, *see, e.g., In re Am. Family Mut. Ins. Co.*, MDL No. No. 1743, 416 F. Supp. 2d 1346, 1347 (J.P.M.L. 2006); *In re Iko Roofing Shingle Prod. Liab. Litig*., MDL No. 2104, 659 F. Supp. 2d 1364, 1366 (J.P.M.L. 2009); *In re Fedex Ground Package Sys., Inc., Employment Practices Litig. (No. II)*, MDL No. 1700, 381 F. Supp. 2d 1380, 1382 (J.P.M.L. 2005), the Newark Vicinage is ideal because it only has one actively-litigated MDL.

> **B.    The District of New Jersey, Newark Vicinage, Is Highly Convenient for All Parties.**

The District of New Jersey, Newark vicinage, where Judge Cecchi sits, is easily accessible by several major airports, including Newark international airport itself, and the other two major

New York City-area airports: JFK and LaGuardia. Between all three airports, it is difficult to imagine a more accessible location by air. Newark is also conveniently located on the Northeast Corridor train line that runs from Boston to Washington, D.C. *See In re Insurance Brokerage Antitrust Litig.*, 360 F. Supp. 2d 1371, 1373 (J.P.M.L. 2005) ("In concluding that the District of New Jersey is an appropriate forum for this docket, we note that i) the district offers an accessible metropolitan location that is geographically convenient for many of this docket's litigants and counsel; and ii) the district is equipped with the resources that this complex antitrust docket is likely to require.").

As Movants note, there are at least nine defendants named in the various PPI actions, which implicate multiple products. Doc. No. 1-1, at 4-5. There are three AstraZeneca entities, two of which have their headquarters in Delaware and the international headquarters is in London, United Kingdom. Pfizer is headquartered in New York. Procter & Gamble is headquartered in Ohio. There are five Takeda Pharmaceutical entities, four of which are headquartered in Illinois and the international headquarters is in Osaka, Japan. *Id.* Most, if not all, of the potentially relevant documents, as well as officers and employees likely to be deposed, will be nearer to Newark in the northeast United States than the Middle District of Louisiana. The location of the relevant documents and witnesses is central to the Panel's venue decision. *See, e.g., In re Air Crash Disaster at Sioux City*, 128 F.R.D. 131, 132 (J.P.M.L. 1989) ("relevant documents can likely be found within this district at [defendant's] headquarters").

By contrast, the Middle District of Louisiana is geographically inconvenient for the parties. As noted by Movants, "[f]or attorneys practicing in an MDL, ease of travel is extremely important." Doc. No. 1-1, at 11. Travel to Baton Rouge, however, is inconvenient in that it is a 75-mile drive from the nearest major airport in New Orleans. *Id*. Further, there are no direct flights

from many major U.S. cities to Baton Rouge. Instead, counsel would be required to take connecting flights out of one of the U.S. airline carrier hubs. This additional travel time would prove inefficient for all, both in terms of time and added litigation expense.

Accordingly, while Plaintiffs support the centralization of the PPI cases nationwide, we respectfully request that the cases be transferred to the District of New Jersey, Newark Vicinage.

## CONCLUSION

For the foregoing reasons, Respondents support the Motion to transfer cases to an MDL in the District Court of New Jersey before the Honorable Claire C. Cecchi.

Date: November 7, 2016

Respectfully submitted,

/s/ Christopher A. Seeger
Christopher A. Seeger
Jeffrey Grand
SEEGER WEISS LLP
77 Water Street
New York, New York 10005
Tel: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com
jgrand@seegerweiss.com

*Attorneys for Plaintiffs Steven Goodstein and Lakeisha Spratt*

**COUNSEL FOR PLAINTIFFS IN THE FOLLOWING ACTIONS:**

*Steven Goodstein v. AstraZeneca Pharmaceuticals LP, et al.;* 2:16-cv-05143 (D.N.J.)
*LaKeisha Spratt v. AstraZeneca Pharmaceuticals LP, et al.;* 2:16-cv-05523 (D.N.J.)