# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: PROTON-PUMP INHIBITOR
PRODUCTS LIABILITY LITIGATION                          MDL No. 2757

## ORDER DENYING TRANSFER

**Before the Panel:** Plaintiffs in six actions[1] move to centralize fifteen actions in the Middle District of Louisiana (or, in the alternative, the District of New Jersey, the Southern District of Illinois, the District of Kansas, or the Western District of Louisiana). The fifteen actions are listed on the attached Schedule A. The Panel has been informed of an additional 24 related federal actions.

All responding plaintiffs support centralization, although there is some disagreement concerning an appropriate transferee district. Some plaintiffs support the Middle District of Louisiana as their first choice, while others argue for the Southern District of Illinois, the Western District of Louisiana, or the District of New Jersey.[2] All responding defendants oppose centralization.[3] If the Panel orders centralization over their objections, then defendants argue for selection of the Central District of California as transferee district.[4]

On the basis of the papers filed and the hearing session held, we deny plaintiffs' motion. We recognize that these actions share certain factual issues. These issues arise from plaintiffs' allegations that taking proton pump inhibitors (PPIs) may result in various types of kidney injury,

---

[1] The six actions are Eastern District of California *Thomas*, Middle District of Louisiana *Davis*, Western District of Louisiana *Modicue*, Western District of Missouri *Foster* and *Ratshidaho*, and Northern District of New York *Hornfeck*.

[2] Like moving plaintiffs, most responding plaintiffs support one or more other districts in the alternative, including the Southern District of Illinois, the District of Kansas, the Middle District of Louisiana, the Western District of Louisiana, the District of New Jersey, and the Southern District of Ohio.

[3] Responding defendants are AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and McKesson Corporation (collectively AstraZeneca); Takeda Pharmaceuticals U.S.A., Inc., Takeda Pharmaceuticals International, Inc., Takeda Development Center America, Inc., Takeda California, Inc., and Takeda Pharmaceuticals America, Inc. (collectively Takeda); The Procter & Gamble Company (P&G); and Pfizer Inc. (Pfizer).

[4] In the alternative, AstraZeneca and Takeda advocate centralization in the District of Delaware.

including acute interstitial nephritis (AIN), chronic kidney disease, end stage renal disease, and kidney failure.  Several considerations, however, fatally undercut the case for centralization.

First, the named defendants vary from action to action.  Although AstraZeneca is sued in most of the actions (14 constituent actions and 23 tag-alongs), P&G is sued in only eight, Takeda in four, and Pfizer in two.  Centralization thus appears unlikely to serve the convenience of most, if not all, defendants and their witnesses.  *See, e.g., In re: Ambulatory Pain Pump-Chondrolysis Prods. Liab. Litig.*, 709 F. Supp. 2d 1375 (J.P.M.L. 2010) (denying centralization of 102 actions, in part because most, if not all, defendants were named "in only a minority of actions," and several were sued in "but a handful"); *In re: Table Saw Prods. Liab. Litig.*, 641 F. Supp. 2d 1384, 1385 (J.P.M.L. 2009) (denying centralization of 42 actions, where, *inter alia*, no defendant was sued in all actions, and several entities were named in, at most, two or three).

Second, the various defendants are competitors.  We are "typically hesitant to centralize litigation against multiple, competing defendants which marketed, manufactured and sold similar products."  *In re: Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F. Supp. 2d 1377, 1378 (J.P.M.L. 2012).  Centralizing competing defendants in the same MDL likely would complicate case management due to the need to protect trade secret and confidential information.  *See, e.g., In re: Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351 (J.P.M.L. 2012).  In addition, a multi-defendant MDL "may prolong pretrial proceedings, because of, *inter alia*, the possible need for separate discovery and motion tracks, as well as the need for additional bellwether trials."  *In re: Invokana (Canagliflozin) Prods. Liab. Litig.*, — F. Supp. 3d —, 2016 WL 7221425, at *2 (J.P.M.L. Dec. 7, 2016).

Third, a significant amount of the discovery in these actions appears almost certain to be defendant-specific.  Although all the subject drugs are PPIs, they are not identical.  Some are available by prescription only, whereas others are sold over-the-counter.  Each has a unique development, testing, and marketing history, and each was approved by the FDA at different times.[5]  For example, Prilosec (omeprazole) and Prevacid (lansoprazole) have been on the market since 1989 and 1995, respectively, whereas Nexium (esomeprazole magnesium) was approved by the FDA in 2001.  Further, the variety of kidney injuries alleged, combined with these differences among the drugs, significantly undermines any efficiency gains to be achieved from centralization

---

[5]  In October 2014, the Food and Drug Administration, in response to a petition filed by Public Citizen, required consistent labeling regarding the risk of AIN on all prescription PPIs.  The FDA noted that "the prescription PPI labeling should be consistent with regard to this risk," and that "there is reasonable evidence of a causal association."  The FDA, however, denied the petition with respect to over-the-counter PPIs.

-3-

Finally, although plaintiffs almost guarantee that the number of involved actions will increase by the hundreds if not thousands,[6] the Section 1407 motion presently encompasses just fifteen cases and 24 tag-alongs.[7]   The Panel previously has been "disinclined to take into account the mere possibility of future filings in [its] centralization calculus."  *In re: Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, 959 F.Supp.2d 1375, 1376 (J.P.M.L. 2013).  Such caution is warranted here, given that the first PPI came to market more than two decades ago and the drugs have been taken by millions of Americans.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

---

[6]   In their principal brief (filed October 17, 2016), moving plaintiffs stated that they "anticipate[d]" that "nearly 100 PPI cases will be filed in the coming weeks and the number of filed cases will increase by the hundreds in the coming months."  Mem. in Supp. of Pls.' Mot. for Transfer, at 1-2 (ECF No. 1-1).

[7]   At oral argument, various counsel referred to the pendency of approximately 100 related federal actions total.  The Panel takes this opportunity to remind counsel of their obligations under Panel Rule 6.2(d) ("Any party or counsel in a new group of actions under consideration for transfer under Section 1407 shall *promptly* notify the Clerk of the Panel of any potential tag-along actions in which that party is also named or in which that counsel appears.") (emphasis added).

**IN RE: PROTON-PUMP INHIBITOR**
**PRODUCTS LIABILITY LITIGATION**                          MDL No. 2757

## SCHEDULE A

    Eastern District of California

THOMAS v. TAKEDA PHARMACEUTICALS USA, INC., ET AL.,
    C.A. No. 1:16-01566

    Southern District of Illinois

MASON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 3:16-00493

    District of Kansas

KOON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 2:16-02605

    Middle District of Louisiana

DAVIS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL., C.A. No. 3:16-00686

    Western District of Louisiana

MODICUE v. ASTRAZENECA PHARMACEUTICALS L P, ET AL.,
    C.A. No. 6:16-01444

    Western District of Missouri

FOSTER v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 4:16-01106
RATSHIDAHO v. ASTRAZENECA LP, ET AL., C.A. No. 6:16-03417

    District of New Jersey

GOODSTEIN v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:16-05143
SPRATT v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:16-05523

- A2 -

**MDL No. 2757 Schedule A (Continued)**

<u>Eastern District of New York</u>

BUZBEE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 1:16-02934
MULLEN v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 1:16-04801

<u>Northern District of New York</u>

HORNFECK v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 5:16-01243

<u>Southern District of Ohio</u>

BURNETT v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:16-00894

<u>Western District of Tennessee</u>

BOWERS v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 2:16-02549

<u>Southern District of West Virginia</u>

CHURCH, ET AL. v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.,
    C.A. No. 1:16−07910